**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

KATHERINE COWAN,  :
AIS 188244,
: 
    Petitioner,
:
vs.                                                      CA 09-0312-CG-C
:
CYNTHIA S. WHEELER-WHITE,
:
    Respondent.

## **REPORT AND RECOMMENDATION**

This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, was transferred from the Middle District of Alabama and has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon petitioner's failure to prosecute and comply with the Court's most recent order.

Petitioner originally was ordered to complete and file this Court's form for a petition under 28 U.S.C. § 2254, as well as a motion to proceed without prepayment of fees, on or before July 6, 2009. (Doc. 6) The Court warned petitioner that her failure to comply with the order within the prescribed time would result in the dismissal of her action "for failure to prosecute and to obey

the Court's order." (*Id.*) When Cowan failed to obey this order, the undersigned recommended that the action be dismissed without prejudice. (Doc. 7) Thereafter, Cowan filed, on August 10, 2009, a motion for leave to proceed *in forma pauperis* (Doc. 8) and a motion for an extension of time to file her habeas petition (Doc. 9). On August 17, 2009, the undersigned entered an order withdrawing the report and recommendation entered on July 20, 2009, denying petitioner's motion for leave to proceed *in forma pauperis*, and granting petitioner's motion for an extension of time to file her habeas complaint on this Court's form as well as a form IFP motion utilized in this Court. (Doc. 10) "Petitioner, is ORDERED by September 21, 2009, to <u>complete</u> and file this Court's form for a petition under 28 U.S.C. § 2254 and for a motion to proceed without prepayment of fees. **Petitioner is warned that failure to comply with this order within the prescribed time or to notify the Court immediately of a change in address will result in the dismissal of this action for failure to prosecute and to obey the Court's order**." (*Id.* (emphasis supplied)) Petitioner has not filed this Court's form § 2254 petition nor its form motion to proceed without prepayment of fees. (*Compare id. with* Docket Sheet)

An action may be dismissed if the petitioner fails to prosecute it or if

she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc*., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to the Court's order of August 17, 2009. Accordingly, it is recommended that the Court **DISMISS** Cowan's § 2254 petition for writ of habeas corpus, pursuant to Fed.R.Civ.P. 41(b), due to her failure to prosecute this action by obeying this Court's lawful order.[1]

The instructions which follow the undersigned's signature contain information regarding objections to the report and recommendation of the

---

[1] Cowan is reminded that she need exhaust her claims in the state courts of Alabama prior to filing a habeas corpus petition in this Court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Magistrate Judge.

**DONE** this the 14th day of October, 2009.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.